STATE OF TENNESSEE for use of Henning's heirs *v.* J. S. KELLER *et al.*

11L 399
116  67

1. CHANCERY JURISDICTION. *County Surveyor. Action on official bond.* Chancery court has jurisdiction of an action against a county surveyor, on his official bond, for failure properly to survey land sold by the acre; and where such bill is brought by the vendor, against whom the mistake was made, he may recover the fees paid by him *for* the erroneous survey, any costs incurred in the assertion of his rights against the vendee, and if the excess beyond the number of acres intended to have been sold has been lost, *semble,* he may recover, also, the value of such excess.

2. PLEADING. *Amendment. Limitation.* A misdescription of the suit in which the erroneous survey was made is immaterial, and where the bill containing such misdescription was brought *within six years* from the survey, an amendment properly giving the title and purpose of the suit, made more than six years after the survey, relates to the filing of the bill, and the action is not barred.

State for use, etc., *v.* Keller.

3. SALE BY ACRE. *Mistake. Excess.* Where in a sale by the acre there is, by mistake, a substantial surplus above that intended to be bought and sold, the purchaser will be compelled to pay for or return such surplus.

4. SAME. *Same. Same. Chancery pleading.* When there is such a surplus in land sold by judicial sale, the remedy is by an original bill, and not by a bill of review, after confirmation and complete vestiture of title, and after confirmation but before vestiture of title, by a supplemental bill.

5. SAME. *Same. Liability of surveyor.* There can be no recovery against the surveyor making such mistake, for the value of such surplus, when such surplus can be recovered from the purchaser.

---

### FROM LAUDERDALE.

---

Appeal from the Chancery Court at Ripley. H. J. LIVINGSTON, Ch.

W. STRONG and W. E. LYNN for complainants.

STEELE & STEELE for defendants.

FREEMAN, J., delivered the opinion of the court.

This bill is filed to hold Keller, as county surveyor of Lauderdale county, and his sureties responsible for a failure to properly survey a tract of land, in which the widow's dower was ordered to be laid off by three commissioners, and balance divided and sold for partition of the proceeds among the heirs of a deceased party, the proceeding being had in the county court.

The clerk proceeded to have the land surveyed by Keller into six tracts, and sold the tracts in accord with said survey. One tract, represented by said survey to contain 125 acres, was sold, as charged in the bill, by the acre to J. T. Caine at $22.07. This tract, however, turns out, as is conceded, to contain

155 acres.    Complainants sue to recover for the value of the surplus over and above the 125 acres at the agreed price, on the ground that they have by mistake lost this much land.

The sale was made January 12, 1871, and confirmed February term after.

. The first question presented is raised by demurrer to the jurisdiction of the chancery court.

The suit is for breach of the official bond of the surveyor, which, by Code, sec. 436, is conditioned "for the faithful performance of his duties as surveyor." It is urged that this cause of action is not' within the jurisdiction of the chancery court under the act of 1877, increasing that jurisdiction, but is purely an action for tort, and the recovery unliquidated damages.

We have held, however, at the present term, in the case of *Glenn* v. *Moore*, 11 Lea, 256, that a clerk of the circuit court was liable on his bond for failure to take proper surities on *supersedeas* bonds, whereby a quantity of wheat levied on by an execution was released and its proceeds lost.    We are unable to distinguish that case in principle from this.    Then the measure of recovery was the value of the property released by the wrongful act.    In this, if the theory of complainant's bill be maintainable, it is the value of the land of which they claim to have been deprived by the sale, in excess of the amount shown by the survey made by the county surveyor.    The tort is waived and the debt sued for, as is implied in the plea of the statute of limitations of six years urged by defendants.

26—VOL. 11.

It is not a case for injury done "to person or property" within the language of the statute, as in the case of a trespass, to the one or the other, but is the case of loss accruing by reason of alleged breach of duty, which is measured by the value of the property assumed to be lost, and that is a matter of easy computation in the chancery court, by the ordinary mode of reference to the clerk.

The next question is, as to statute of limitations, based on the idea that an amendment was allowed to be inserted describing the suit, in which the survey was had, correctly, there having been a misdescription in the original bill. That bill charged that the proceeding in the county court was a petition by the widow for dower and the partition of the lands of her husband. It turns out that the suit was in fact by a part of the heirs and against the widow and other heirs, and the chancellor allowed an amendment stating the facts as they were.

This was not the introduction of a new cause of action, but only one that more certainly described the proceeding out of which the original cause of action grew. The survey was made of the veritable land now involved, and this survey is the gist of the complaint, not the precise title of the suit in which it was done. There is nothing in this point, and this defense fails.

This brings us, however, to the main issue on the merits. Have the parties suffered a legal loss, or been deprived of the land included in the survey, in which it is conceded there is the mistake alleged ?

The mistake is charged to have been discovered by a re-survey of the land, and report made in a case in which the administrator of the purchaser, Caine, sought to have the land sold; said report was made May, 1875, about four years after the survey.

. It is distinctly charged in the bill that the sale to Caine was made by the acre, and the recovery is sought for the amount involved in the mistake at the rate at which the land was then sold. In a word, the theory of the bill is, that the parties have been deprived of this amount of land by the error of the surveyor, by reason of the fact that, when sold, the title was conveyed to the purchaser of the entire tract, and they thus deprived of the same.

Our cases settle the rule to be, that where there is a sale by the acre, and a substantial deficiency in quantity, the purchaser will be entitled to an abatement for the deficiency: *Miller* v. *Bentley*, 5 Sneed, 671; 1 Head, 237; 4 Baxt., 228. It would seem to be a correlate of this rule, that if the purchaser by the acre, by mistake obtains a substantial surplus over and above what he supposes he buys, and the other party supposes he is selling, that he should not be entitled to retain this advantage. The rule should be of equality as to both vendor and vendee. So it was held in the case of *Barnes* v. *Gregory*, 1 Head, 237. Relief was also given in like circumstances in *Horn* v. *Denton*, 2 Sneed, 125, and *Williams* v. *Bradley*, 7 Heis., 55. From these cases it is clear the parties, on the statement of facts as charged, could have either compelled the purchaser to pay for the surplus in-

cluded by mistake in the boundaries as shown in the survey, or to have had the surplus decreed to them as was done in Williams *v.* Bradly.

These principles conceded, it follows that complainants had not been deprived of the legal right to this land in 1875, when they discovered the mistake, and so had legally not lost it as the result of the mistake in the surveyor. Had the statute of limitations run against their right, and they been without fault in not discovering the mistake sooner, the case might have been different.

The complainants are entitled to recover the costs of the erroneous survey, and if they had been compelled to sue for the assertion of their rights as to the excess of land, the legitimate costs of that suit might have been recovered, and so they would have been made whole and received the proper compensation for the wrong done them. They have not brought such suit, however, therefore cannot have the latter relief.

It being settled that a party purchasing by the acre is not entitled to retain a surplus such as is found here, but must pay for it at the rate paid for the number of acres actually bought by him, the question is, what remedy has he in the case of a judicial sale, after confirmation and divestiture of title? In the case of Horn *v.* Denton, where the above relief was given after confirmation, but before divestiture of title, the proceeding was by supplementary bill or petition in the case, making the purchaser a party, he answering the allegations, and proof being

State for use, etc., *v.* Keller.

taken. The writer of this opinion is unable to see why the fact that a final decree has been made divesting title should make any difference as to the rights of the parties. It might as to the mere form of the remedy, or rather name of it, as it is named a supplementary petition in that case, but in fact was simply a new bill filed against the purchaser, seeking to set up an independent equity against him. The sale had been completed by confirmation, and the purchaser entitled to demand the title to all he had purchased upon payment of the purchase money. What good reason there can be why this equity might not as well be asserted, upon allegations showing the facts after complete execution of the contract, as well as before, I am unable to see.

It may well be doubted whether in strictness or at all a bill of review would lie in such a case. The purchaser is not a party to the original cause, is only a *quasi* party, that is for certain purposes incident to his purchase, as for enforcement of purchase money, or subject to any decrees that might be necessary in order to complete his purchase. Be this as it may, however, the parties might find difficulties in bringing themselves within the requirements of a bill of review. There is no error in the face of the decree. No new matter has arisen in time since the decree. Is there new testimony come to light after the decree, which could not possibly have been used when the decree was made? This is the only other ground for a bill of review.

The fact of the boundaries of the land, with all

the lines definitely set out, is on the face of the decree, and from these the amount of acreage might readily have been ascertained, and so it was possible to have had this proof before the former decree.

The fact is, there was no adjudication of the court, and no issue as to the number of acres. It is recited the tract contained 125 acres it is true, but there was no pleading raising the question. If the case should be reviewed, and the decree be set aside, it would only be upon such allegations as would have been proper in a petition to set aside the clerk's report, and have a resurvey, suggesting the error in the report. This would be original and new matter, on which, under the Horn case, 2 Sneed, an issue might be made and proof taken. But no such issue was involved in the original case. And so it is not seen how the production of evidence, showing the error in the acreage of land, can be held new evidence appropriate to and bearing on any issue made in the case in which the decree was made. New evidence, in the sense of the rule as to bills of review, certainly means new proof bearing on the questions at issue before the court, and which, if it had been before the court, would have produced a different decree. The fact now under discussion could only have been produced to support a new issue to be made by the parties.

The parties certainly were entitled to some remedy on the facts shown. The purchaser was certainly not entitled to have, under his purchase by the acre, thirty acres of land which he did not pay for.

Why stand on the mere *form* of the remedy, if the right is clear? Why not allow a bill in chancery stating the facts, which would leave the former decree untouched, but only require payment for the additional land obtained by the mistake of the third party? There would be no reversal of the former decree, only a suit for money due for land, on allegation of a state of facts to be made out on an issue between the parties, which facts, if shown by our decisions, and in equity and good conscience entitle the party to the relief. We must hold this, or hold that in judicial sales a party is entitled to any amount over and above what he purchases, if by mistake the boundaries should include such a surplus. This, where the land is sold by the acre, is absurd, and an injustice that no technical logic can justify in any system of enlightened jurisprudence. It is said, however, that a decree of a court has vested him with the title to the land, and it must stand until reversed by some appropriate proceeding for the correction of the error. But this is no error in the decree, for all its assumptions of fact appear well supported from the record. The error and wrong is to be made out *dehors* the record, and by an independent investigation. Therefore the doctrine of immutability of decrees unappealed from has no application whatever. It is not a matter to be reached by any proceeding for correction of errors known to our law. It is a wrong done, however, a legal wrong, an advantage obtained, inequitable and against conscience, and therefore should be corrected or remedied. The remedy of an independ-

ent proceeding on the facts is easy, natural, does no one any wrong, and enforces a clear right. Why should it be put aside by mere technicalities, based on the sacredness of decrees of courts, especially when the remedy can be given and the decree remain intact as before ?

It is said, however, the remedy is clear against the surveyor. That is true, but, to make it so, you must assume the parties have none for the land, or else the wrong of the surveyor has worked them no legal injury beyond the cost of the survey. The remedy against the surveyor is based solely on the assumption that by his act the land has been lost, and this assumes that the vendee is *entitled* to the surplus, a proposition directly in the face of our decisions. The fact is, the whole difficulty is in the hesitancy in adopting or adapting a remedy. The right cannot be denied. That remedy is, as we have said, easy, and can work no one wrong.

In much of the argument, however, we think the nature of a decree vesting title to land, under our system is overlooked. The act of 1801, Code, sec. 4484, providing for divestiture of title, provides such decrees shall have the force and effect of a con- veyance executed in due form of law, and by Code, section 4105, when the land is sold, as in this case, at the instance of the parties, the decree or deed of the clerk implies a covenant of seizin and warranty of title by the parties whose interest is sold, unless otherwise provided in the decree.

These provisions show that such a decree stands

as a conveyance by the parties, and is but a mode of transferring the title by the parties through the agency of a court. If so, why not apply the same rules to such a conveyance, as in case of private sales? No good reason appears to the contrary, as far as I can see.

The summary of this argument is, that, on the theory of this bill, the party has lost his title to this surplus, and the vendee wrongly obtained the title. For that wrong the surveyor is sought to be held responsible and make good the loss. Why not hold that the purchaser, who has got that which he has not bought, shall make it good, and pay for what he has wrongly obtained? On the other theory, you give him land for which he does not pay, and make the surveyor pay for it, thus giving the vendee, who gets the benefit of the mistake, the land for nothing. Why should the surveyor pay for his lands? If the vendors had legally lost the land by his error, he ought to pay them, but certainly owes no duty to the purchaser.

• The surveyor has been guilty of a culpable error, but the liability is precisely the same on his part, if he had made an erroneous survey for a private individual in his official capacity. He would only be liable to make good the loss occasioned by his error. But such party could only recover to the extent of his actual legal loss. So the parties here cannot say, we will submit to lose our land, but will make the surveyor, who can have no recourse on the purchaser, pay for it. The result is, the decree of

the chancellor is modified so as to allow recovery of costs of survey as indicated in this opinion, costs of this court to be paid by complainant, and two-thirds of costs below up to this time.

Remand for account.